## H. J. McGRATH COMPANY, a Corporation. *vs.* OTIS V. MARCHANT.

*Employer and employee: breach of contract by employer; damages; pleading. Exceptions: time for filing; extension. Statute of Frauds: 4th section; year clause.*

The fact that an employer is appealed to to help collect a debt due by the employee or servant does not justify the discharge of the servant.                                        p. 478

Where there is no defense made to such a suit on the ground that the plaintiff did not properly perform the services for which he was engaged, and no evidence that he was not faithful and diligent, the plaintiff is not bound to prove that he did exercise ordinary skill and diligence in performing his duties.                                        p. 478

The time for filing bills of exceptions was extended for 30 days after the motion for a new trial should be "heard and

determined," and the docket entries did not show when the motion was heard, but they showed on what date the motion was finally decided and disposed of. It was *held,* that the extension of the time for filing the bills of exceptions began to run from that date.                                                    p. 475

The year clause of the 4th section of the Statute of Frauds does not apply when the contract can, by any possibility, be fulfilled or completed in the space of the year, even though the parties may have intended its operation to extend through a longer period.                                              p. 479

In a suit by an employee against his employer for discharging him illegally before the term of his contract expired, he is entitled to recover the contract price, less such sums as may have been paid him, and also less such sums as he earned or by diligence might have earned, in the line of his business during the remainder of the period covered by the contract.

p. 480

*Decided February 28th, 1912.*

Appeal from the Baltimore City Court (DOBLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*William A. Wheatley,* for the appellant.

*Beverly W. Mister* (with whom was *George T. Mister* on the brief), for the appellee.

THOMAS, J., delivered the opinion of the Court.

This suit was brought to recover damages for the breach of an alleged oral contract by which the defendant employed the plaintiff for one year, from May 1st, 1909, to April 30th, 1910, provided the defendant continued in business that long, and agreed to pay him a salary of twenty-five dollars per week for the first six months, and twenty dollars per week for the remaining six months of the year.

The declaration contains six of the common counts and two special counts. The seventh count alleges that in the early part of the year 1909, the plaintiff and defendant "agreed that the plaintiff should serve the defendant as a buyer of fruits, etc., including all duties usually assumed by buyers in the canned goods business, and that the defendant should employ the plaintiff as such for one year from May 1st, 1909, and pay him for his services the sum of $25.00 per week for the first six months of his contract, and $20.00 per week for the remaining six months of the year, provided the business should be continued during the term of said contract;" that the plaintiff entered upon the service of the defendant and has ever since been ready and willing to continue in such service; "that on the 12th day of February, 1910, the defendant wrongfully discharged the plaintiff and refused to permit him to serve as aforesaid, although the said business of the defendant was continued until after May 1st, 1910, and has never paid him the balance due on the said contract although requested to do so by the plaintiff."

The eighth count charges that on the 2nd of May, 1908, the plaintiff and defendant agreed in writing that the plaintiff should serve the defendant as buyer of fruits, etc., and that the defendant should employ the plaintiff as such for one year from said date and to pay him for his services the sum of $25.00 per week for the first six months, and $20.00 per week for the remaining six months of the year; and the plaintiff entered into the service of the defendant under said contract, and that shortly before the end of said year the plaintiff and defendant agreed that the contract should be continued for another year, beginning on the first day of May, 1909, and ending on the 30th day of April, 1910, "under the same terms and for the same services as set out in their original contract, provided that the business of the defendant should be continued for that length of time;" that the plaintiff accordingly remained in the service of the defendant until February 12th, 1910, when the defendant

wrongfully discharged him; that the plaintiff has always been ready and willing to perform such services, but the defendant refused to permit him to do so, and has refused to pay the balance due him under said contract, notwithstanding the business of the defendant was continued beyond the first day of May, 1910.

Issue was joined on the general issue plea, and the trial of the case before a jury resulted in a verdict and judgment in favor of the plaintiff for $201.50, from which judgment the defendant, the H. J. McGrath Company, a corporation, has appealed.

The defendant filed a motion for a new trial, and while that motion was pending, on the 26th of May, 1911, the Court extended the time for filing the bill of exceptions in the case "until thirty days after the motion for a new trial is heard and determined by this Court." The record contains the following docket entry: "10th June, 1911—New trial to be granted, unless the plaintiff shall within ten days from this date, agree to a reduction of the verdict from $201.50 to $150.00," etc. The docket entries further show that the motion for a new trial was overruled on June 21st, 1911, and on June 28th the time for filing the bill of exceptions was again extended, and thereafter regularly extended until the exceptions were filed.

The appellee has made a motion to dismiss the appeal on the ground that the time for filing the bill of exceptions was, by the terms of the first order, extended to thirty days after June 10th, 1911. The contention of the appellee being that the motion for a new trial was heard by the Court on June 10th; that the Court on that day ruled that the new trial be granted unless the plaintiff agreed to a reduction of the verdict, etc., and that that was a complete "determination by the Court" of the motion. The answer to this contention is that the order extended the time until thirty days after the motion for a new trial "is heard and determined by the Court," and that while it does not appear when the motion was heard, the docket entries show that the motion for a new

trial was not "determined" or disposed of until June 21st, 1911, when it was overruled, and on the same day a judgment was entered on the verdict in favor of the plaintiff. The motion to dismiss the appeal, must, therefore, be overruled.

But one exception was reserved during the trial, and that is to the ruling of the Court on the prayers.

It appears from the evidence that the defendant was engaged in the business of canning fruits, vegetables and oysters; and that the plaintiff had been employed by the defendant for a number of years and was paid a salary of twenty-five dollars per week for the first six months, and twenty dollars per week for the remaining six months of the year; that for the year commencing May 2nd, 1908, the contract was in writing; that Mr. McGrath died in February, 1909, and after his death it was for a while uncertain whether the business of the defendant "would go on". The plaintiff states that about ten days before the expiration of the year ending May 1st, 1909, Mr. Hamberger, the manager of the appellant company, said to him: "Mr. Marchant, I understand you and you understand me. You do not need no written contract with me. You are dealing with me now, and if this business continues, your position is assured with the terms the same," and that he, the plaintiff. said in reply: "Mr. Hamberger, I am perfectly satisfied. If that contract suits you, it certainly suits me, and your word is sufficient, and I am dealing with you now and not with Mr. McGrath." It further appears from the evidence that the plaintiff continued in the service of the defendant until February 12th, 1910, and that he received during the first six months of the year commencing May 1st, 1909, twenty-five dollars per week. The plaintiff says that the defendant continued to pay him twenty-five dollars per week for sometime after the expiration of the first six months of the year, and that Mr. Hamberger said to him, that they had him down on his pay-roll for twenty dollars per week, but that he

had told the book-keeper to pay him twenty-five dollars per week, that he appreciated that the extra five dollars was more to the plaintiff than it was to the defendant, and that they would continue to pay it as long as they could; that he received twenty-five dollars per week until the first of January, when Mr. Hamberger said to him that he would have to put him back on twenty dollars per week; that he was discharged on the 12th of February, 1910, and that he tried to secure other employment, but failed to realize more than thirty or thirty-five dollars between the time he was discharged by the defendant and the end of the year for which he claims to have been employed.

Mr. Hamberger denied that he had employed the plaintiff for one year, or for any definite time, and says that he told the plaintiff that he could not make him any definite promise, but that he would continue him in the service of the defendant as long as he felt that he was justified in doing so; "that things went along to" his "satisfaction until the fall of 1909," when he was annoyed by persons calling him up by telephone and coming to see him at his office, and requesting him to assist them in collecting debts due by the plaintiff; "that those things did not get any better, but got worse; that it got so bad I concluded he was not the proper man for me to continue in the employ of the house—and that he was finally discharged."

The plaintiff's first prayer instructed the jury that if they found that the plaintiff and the defendant agreed, prior to May 1st, 1909, that the plaintiff would serve the defendant as buyer of fruits, etc., and that the defendant would employ the plaintiff as buyer, etc., for one year from May 1st, 1909, if the business of the appellant should be continued that long, and pay him twenty-five dollars per week for the first six months and twenty dollars per week for the remaining six months of the year; and further found that said business of the appellant continued for the whole of said year, and that the plaintiff entered upon the dis-

charge of his duties under said contract and continued in the employ of the defendant until February 12th, 1910; that he exercised ordinary skill and diligence in the perform-ance of his duties, and that on the 12th of February, 1910, the defendant dismissed him from its service and refused to permit him to perform such services; that the plaintiff was ready and willing to perform such services and offered to continue in the service of the defendant until the expiration of the term of his employment the plaintiff was entitled to recover.

. By the plaintiff's second prayer the jury were told that if they found for the plaintiff he was entitled to recover twenty dollars per week from the time he was discharged by the defendant to the expiration of the contract of employment, less such sum as he earned during that period, or by the exercise of due diligence might have earned in the line of his business, with interest on such balance from May 1st, 1910, in the discretion of the jury.

The defendant specially excepted to these prayers on the ground that there was no evidence to show that the plaintiff and the defendant entered into a "conditional contract" for the time mentioned in the first prayer, and because there was no evidence to show that the plaintiff exercised ordinary care and diligence in the performance of his duties, and fur-ther, because there was no evidence from which the jury could ascertain what sum was earned by the plaintiff between the time he was discharged and the end of the year for which he claimed to be employed, and no evidence to show what he might have earned in his line of business by the exercise of due diligence.

Defendant's first and second prayers sought to take the case from the jury on the ground that under the pleadings in the case there was no evidence legally sufficient to entitle the plaintiff to recover. By its third prayer the Court was asked to instruct the jury that if they found that prior to the first day of May, 1909, the plaintiff and defendant entered into an "unwritten contract" whereby the defendant

agreed to employ the plaintiff and the plaintiff agreed to accept the employment by the defendant for the period of one year, beginning May 1st, 1909, the plaintiff was not entitled to recover, and by its fourth prayer the defendant asserted that the plaintiff was not entitled to recover unless the contract sued on was in writing.

The Court below overruled the defendant's exceptions to and granted plaintiff's prayers; rejected defendant's first, second and fourth prayers, and granted defendant's third prayer after modifying it so as to require the jury to find that the defendant employed the plaintiff for one year "unconditionally."

As we have said, evidence was adduced by the plaintiff tending to show that he and the defendant entered into an oral agreement by which the defendant employed the plaintiff for one year, commencing on the first day of May, 1909, and ending on the thirtieth day of April, 1910, *provided the defendant remained in business for that period,* and agreed to pay him twenty-five dollars per week for the first six months and twenty dollars per week for the balance of the year. This evidence tends to establish the contract declared on in the seventh and eighth counts of the declaration, and which might or might not have been performed in the year, depending upon the defendant remaining in business during the entire year. If the business of the defendant continued for only six months of the time covered by the contract, the contract would have been fully performed in the year. The decisions in this State are uniform, and it is clear that such a contract does not come within the statute of frauds. In the case of *Ellicott* v. *Peterson,* 4 Md. 476, the Court makes the statement followed in the later decisions in this State, that "it has been held both in England and in these States, the statute will not apply where the contract can, *by any possibility,* be fulfilled or completed in the space of the year, *although the parties may have intended its operation to extend through a much longer*

period." *Cole* v. *Singerly,* 60 Md. 348; *Balto. Breweries Co.* v. *Callahan,* 82 Md. 106; *Lewis* v. *Tapman,* 90 Md. 294.

The plaintiff's second prayer follows the prayer granted by the lower Court and approved by this Court in the case of *Balto. Baseball Club* v. *Pickett,* 78 Md. 378, and which instructed the jury in that case that if they found for the plaintiff, "then he is entitled to recover the contract price, less such sums as may have been paid him, and also less such sums as he earned or by the exercise of due diligence might have earned, in the line of his business, during the remainder of the period covered by the contract." See also *Olmstead* v. *Bach,* 78 Md. 132, and *Cumb. & Penn. R. R. Co.* v. *Slack,* 45 Md. 161.

The case was not defended on the ground that the plaintiff did not properly perform the services rendered the defendant, and there is no evidence in the case to show that he was not diligent and faithful, on the contrary, the evidence produced by the defendant tends to show that he discharged his duties in a satisfactory manner. Mr. Hamberger states that everything was entirely satisfactory until the fall of 1909, when he was annoyed by inquiries from creditors of the plaintiff, and that the plaintiff was discharged for that reason. It is not contended by counsel for the defendant that the reason assigned by Mr. Hamberger would be sufficient ground for discharging the plaintiff during the continuance of the contract. The claim of the defendant, in that connection, is that the plaintiff was not employed by any definite time, and that the defendant had the right to terminate their relations of employer and employee at any time. There is no force, therefore, in defendant's exceptions to plaintiff's prayers on the ground that there is no evidence to show that "the plaintiff exercised ordinary skill and diligence in the performance of his duties."

Nor was there any evidence to show that the plaintiff earned, between the time he was discharged and the end of the year for which he claims he was employed, more than the amount stated by him, or that he could, by the exercise

of due diligence, have found other employment. It is said by CHIEF JUDGE BARTOL in *Cumb. & Penn. R. R. Co.* v. *Slack, supra*: "The measure of damages to be recovered is fixed by the contract, and as decided in *Jaffray* v. *King*, 34 Md. 217, it is the stipulated salary for the year, less the amount which had been paid him, and less the amount of the money of the company, he may have actually received and not accounted for; there being no evidence in the case that he actually earned or might by due and reasonable diligence have earned, wages in some other employment after his dismissal. Such evidence it would be competent to offer and would diminish to that extent the claim of the appellee, but in the absence of all evidence of that kind, the sum to which he is entitled is, as before stated, fixed by the contract, and is under the Code a legal set-off."

What we have said disposes of all the contentions of the appellant, and finding no error in the ruling of the Court below, the judgment must be affirmed.

*Judgment affirmed, with costs.*