THOMAS M. GREEN, JOSEPH T. MANNING and JACOB
  A. ULMAN *vs.* THE PENNSYLVANIA STEEL COM-
  PANY.

*Verbal Agreement and Not to be Performed within a Year—*
*Statute of Frauds.*

The plaintiffs, in their declaration, alleged that the defendant,
  being the exclusive owner of Sparrow's Point, and being there
  engaged in the manufacture of steel and steel products, agreed
  with them that if they would purchase the steamer "Olive," the
  defendant would execute to them a contract for the term of
  three years for the exclusive carriage by said steamer of passen-
  gers and freight between Baltimore and Sparrow's Point; and
  that the plaintiffs relying on said agreement, purchased the
  "Olive," but the defendant refused to execute the contract.
  The agreement was a verbal one.  HELD :

That as the agreement was not to be performed within a year,
  and was not in writing, it was within the Statute of Frauds,
  and no action could be maintained thereon.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON,
IRVING, BRYAN, FOWLER, and McSHERRY, J.

*M. R. Walter,* for the appellants.

*J. Alexander Preston,* and *William A. Fisher,* for the
appellee.

ROBINSON, J., delivered the opinion of the Court.

The declaration in this case alleges that the appel-
lee, being the exclusive owner or lessee of Sparrow's

Green, *et al. vs.* Pennsylvania Steel Company.

Point, in this State, and being there engaged in the manufacture of steel and steel products, agreed with the appellants, that if they would purchase the steamer known as "The Olive," or any other steamer as good in every respect, the appellee would execute to them, the appellants, a contract for the term of three years for the exclusive carriage by said steamer of all passengers and freight, except car load lots, between Baltimore and Sparrow's Point, upon certain terms and conditions set forth in the declaration; and that the appellants, relying on said agreement, purchased "The Olive," but the appellee refused to execute to the appellants the said contract, although they were ready and willing to execute the same on their part, and to comply with all the provisions of the contract when executed. The declaration does not so allege, but the demurrer was argued in the Court below upon the *concessum* that the agreement between the parties was a *verbal agreement,* and it is agreed that it shall be so considered by this Court. And, being so considered, the question is whether such an agreement comes within the provisions of the Statute of Frauds, which declares that no action "shall be brought upon any agreement that is not to be performed within the space of one year from the making thereof," unless such agreement, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person lawfully authorized to sign the same. The language of the Statute is plain and explicit, that no action shall be brought upon any agreement which is not to be performed within a year, unless the same shall be reduced to writing, and signed by the party. And the test whether the agreement comes within the Statute, is whether, by a fair and reasonable interpretation of the terms of the agreement, and in view of the circumstances under which it was made, it was the intention and understanding of the parties, that it should be performed within a

year. If it was not to be performed within a year, the agreement must be in writing. Now, what is the agreement set forth in the declaration? It is nothing more or less than a *verbal agreement* by which the appellants were to purchase "The Olive," or some other steamer, and run the same between Sparrow's Point and Baltimore for *a term of three years,* in consideration of which the appellee was to give to them the exclusive carriage by such steamer of freight and passengers between these points for a *term of three years.* It is an agreement to be performed within a *fixed and definite time,* and that time is a period of *three years.* And such being the agreement, the Statute declares that no action shall be brought upon it, unless the agreement shall be reduced to writing and signed by the parties. But this action it is said, is not brought upon the agreement itself, but upon the refusal of the appellee to execute the agreement. In other words, although no action can be brought upon the agreement because it is a verbal agreement, yet it is contended that an action may be maintained to recover damages of the appellee because of its refusal to execute the agreement. Such a contention is, it seems to us, a contradiction in terms. If no action will lie upon the agreement, upon what principle can the appellee be held liable in damages for a refusal to carry out the terms of the agreement? The object of the Statute was to prevent fraud and perjury in setting up verbal agreements not to be performed within a year, and the evidence in support of an action for the refusal by one of the parties to carry out such an agreement, must necessarily be the same—that is to say, parol evidence —as would be required in an action upon the agreement itself, thus coming directly within the mischiefs which it was the object of the Statute to prevent. Such a construction is inconsistent altogether with both the spirit and the letter of the Statute.

Green, *et al. vs.* Pennsylvania Steel Company.

Where money has been paid or services have been rendered which enured to the benefit of another under a verbal agreement within the Statute, it has been held, we are aware, that one may recover upon the *common money counts*, or upon a *quantum meruit*, for the money thus paid or services thus rendered. See *Browne on Statute of Frauds, sec.* 290, *and note*, where the cases are referred to and discussed.

And it has been held, also, that where no certain or definite time is fixed, and the agreement may be performed within a year, such an agreement is not within the Statute. *Ellicott vs. Peterson's Exe'rs*, 4 *Md.*, 476; *Souch vs. Strawbridge*, 2 *C. B.*, 808.

Here a certain and definite time is fixed for the performance of the agreement, and it is unnecessary to consider the grounds on which these cases were decided.

The Statute of Frauds has been in operation for more than two hundred years, and the counsel for the appellants admits he has been unable to find a single case in which this question has been raised or considered. We are not at all surprised that no such case can be found, for it would seem to be clear on principle, that if one could not be held liable on a verbal agreement within the Statute, neither could he be held liable in an *action at law* for a refusal to carry out the terms of such an agreement. We are of opinion, therefore, that the demurrer was properly sustained on this ground, and it is unnecessary to consider whether the agreement was void on grounds of public policy.

*Judgment affirmed.*

(Decided 17th December, 1891.)