(Decided December 6th, 1895.)

## THE BALTIMORE BREWERIES CO. *vs.* JOSEPH H. CALLAHAN.

*Contracts—Year Clause of the Statute of Frauds.*

Where it appears upon the face of a contract that it can possibly be performed, upon the happening of a contingency, within one year from the time of making, it is not within the fourth section of the Statute of Frauds.

In contracts within that section, it is sufficient if the consideration can be implied with certainty from the instrument itself.

A contract in writing dated Sept. 5, 1893, and signed by the parties, stated that the defendant had employed the plaintiff for the term of one year, beginning on —— day of Sept., 1893, and ending on the —— day of Sept., 1894, at a certain salary. The day for the beginning of the service was left blank because plaintiff did not know when he would be released from the service of a third person, who then employed him. Plaintiff afterwards informed defendant that he could not begin work under the contract until Sept. 11. After entering upon the stipulated employment plaintiff was discharged. In an action on the contract, *Held*,

1st. That if the plaintiff had been released by his former employer on Sept. 5, he could have begun his service with the defendant on that day, and the contract was therefore not within the year clause of the Statute of Frauds.

2nd. That if the contract were within the statute, yet the above memorandum was a sufficient statement of the consideration, because a promise on the part of the plaintiff to render the service is implied from the language of the agreement.

Appeal from the Superior Court of Baltimore City (RITCHIE, J.) Callahan, the plaintiff, made a contract with the Baltimore Breweries Company to be solicitor of trade for the Spring Gardens Brewery for one year, at a salary of $1,560. The company discharged him before the expiration of the year and he brought suit alleging an unlawful discharge. The defences on the merits were, 1st, that he had not properly performed his duties, and the discharge was lawful; and 2d, that he had accepted $30 in accord and satisfaction of his claim. The first defence on the merits was left to the jury by an instruction of the Court, which took the place of the defendant's second prayer. This instruction was not excepted to. The second defence on the merits was left to the jury by defendant's first prayer, which was granted. The jury found for the plaintiff on both these points. The only other defence was that the contract was one which came within the fourth section of the Statute of Frauds, and there was not sufficient evidence to gratify the statute.

The contract was as follows: " This agreement, made this 5th day of September, in the year one thousand eight hundred and ninety-three, between ' The Baltimore Breweries Company, Limited,' a corporation of the city of Baltimore, in the State of Maryland, conducting the Spring Gardens Brewery of Baltimore, in the State of Maryland, of the one part, and Joseph H. Callahan of Baltimore City, State of Maryland, on the other part. Witnesseth, that the said The Baltimore Breweries Company, Limited, has employed the said Joseph H. Callahan for the term of one year, beginning on the —— day of September, in the year 1893, and ending on the —— day of ——, 1894, to serve as solicitor of trade for said Spring Gardens Brewery; and the said The Baltimore Breweries Company, Limited, has

agreed to pay to the said Joseph H. Callahan, as salary of said term of one year, the sum of fifteen hundred and sixty dollars, payable in regular weekly installments of thirty dollars each during said term.   And the said The Baltimore Breweries Company, Limited, further agree to pay, besides said weekly salary, all the expenses which said Joseph H. Callahan may incur in the legitimate pursuit of his duties as solicitor of trade for said Spring Gardens Brewery.   Witness the hand," etc.

The jury rendered a verdict for the plaintiff for $1,056.42, and from the judgment thereon, the defendant appealed.

The cause was argued before BRYAN, McSHERRY, FOWLER and ROBERTS, JJ.

*H. Snowden Marshall* (with whom was *Charles Marshall* on the brief), for the appellant.

The questions of law in this case are:  (1.) Was the contract between Gray and Callahan one not to be performed within a year, and within the Statute of Frauds?   (2.) If so, was the writing offered in evidence sufficient to meet the requirements of the statute?

The first question has been a frequent subject of discussion in other jurisdictions, but so far has never come directly before this Court.   The doctrine may be considered now as settled that a contract for a year's service, or a year's employment to begin on a future day is within the Statute of Frauds.   The agreement of Gray with Callahan, made on Tuesday, September 5th, that the Breweries Company should employ Callahan for a year, to begin on some day in September, of which day Callahan should definitely inform Gray on Saturday, the 9th of September, was a contract that could by no possibility be performed in a year.   Obviously, the year's service, by this agreement, could not begin before Saturday, September 9th, 1893, at the earliest. And the contract could not be performed before September 9th, 1894—one year and four days from its date.   In *Brace-*

*girdle* v. *Heald* (1 B. & Ald. 727), it is distinctly decided that a contract for personal service, made on April 27th, to last 12 months from the 30th of June next, was within the 4th section of the Statute of Frauds. Following this decision are the cases of *Hinckley* v. *Southgate*, 11 Vt. 428 ; *Nones* v. *Homer*, 2 Hilt. 116 ; *Dickson* v. *Jacques*, 31 U. C. Q. B. 141 ; *Harper* v. *Davies*, 45 U. C. Q. B. 445 ; *Oddy* v. *James*, 48 N. Y. 685 ; *Hearne* v. *Chadbourne*, 65 Me. 302 ; *Lee's Admr.* v. *Hill*, 87 Va. 497 ; *Snelling* v. *Lord Huntingfield*, 4 Tyr. 606 ; *Amburger* v. *Marvin*, 4 E. D. Smith, 395 ; *McElroy* v. *Ludlum*, 32 N. J. Eq. 836 ; *Schumate* v. *Farlow*, 125 Ind. 359 ; *Haynes* v. *Mason*, 30 Ill. App. 87 ; *Kelley* v. *Terrell*, 26 Ga. 551 ; *Turnow* v. *Hochstadter*, 7 Hun. 80 ; *Blanck* v. *Littell*, 9 Daly, 268 ; *Kleeman & Co.* v. *Collins*, 9 Bush. 460 ; *Britain* v. *Rossiter*, 11 Q. B. Div. 123 ; *St. Sutcliffe* v. *Atlantic Mills*, 13 R. I. 480.

Looking critically at the writing, we see that the terms set out in it express not the least consideration for the obligations assumed therein by the Breweries Company. First, the Breweries Company employs Callahan for one year to serve as solicitor of trade. Secondly, the Breweries Company agrees to pay Callahan a fixed salary. Thirdly, the Breweries Company agrees to pay such legitimate expenses as Callahan may incur as solicitor of trade. Callahan on his part, as far as the writing goes, undertakes nothing. He does not agree to stay in the service of the Breweries for a year. He does not agree to leave *The American* and enter their service. Probably the consideration for the Breweries agreement to employ him for a whole year, was his agreement to give up his work on *The American* and enter their service, yet this is not stated in the writing. He says that he did agree with Gray to serve for a year, but this is not in the writing. "Judged by the common law," this "contract" contains no evidence of consideration. If Callahan had received a better offer on October 1st, 1893, and had quitted the service of the Breweries, they would have had no recourse against him under this writing. As

far as the writing goes, all was optional with Callahan. From no part of it does he appear to have agreed to come to the Brewery, or to stay with the Brewery. Suppose *The American* had offered him $35.00 a week to stay in its service and he had accepted the offer and returned the paper to Gray. Or suppose, having commenced to serve the Brewery, he had been offered a better position elsewhere, and had left the Brewery after two months. In either case, what redress would the company have had under the writing? Whatever Callahan in fact agreed to do, he signed his name to a paper which bound him to do nothing. *Sykes* v. *Dixon*, 9 Ad. & E. 693 ; *Lees* v. *Whitcomb*, 5 Benj. 314; *Frank* v. *Miller*, 38 Md. 460 ; *Wood on Stat. of Frauds*, sec. 346 ; *Dorsey* v. *Packwood*, '12 How. 136; *Marcy* v. *Marcy*, 9 Allen, 81 ; *Pierce* v. *Paine*, 28 Vt. 34 ; *Meek* v. *Gass*, 2 Russ. & Ch. (Nova Scotia), 247 ; *Emery* v. *Smith*, 46 N. H. 151 ; *Ham* v. *Goodrich*, 37 N. H. 186 ; *McElroy* v. *Ludlum*, 32 N. J. Eq. 828 ; *Whipple* v. *Parker*, 29 Mich. 374; *Kleeman* v. *Collins*, 9 Bush. 461 ; *Warner* v. *T. & P. R. R.*, 54 Fed. Rep. 922 ; *Oddy* v. *James*, 48 N. Y. 685.

*Edgar H. Gans* (with whom was *Henry Stockbridge* on the brief), for the appellee.

FOWLER, J., delivered the opinion of the Court.

The plaintiff sued the defendant corporation to recover damages for the breach of a contract to employ him for one year at a salary of $1,560, payable in weekly installments of thirty dollars each. This contract is in writing, and the controlling question is, whether it is a contract not to be performed within a year, and if so, whether it sufficiently sets forth a consideration on the part of the plaintiff. But for the ingenious argument of the counsel for defendant we should have had but little, if any, doubt in regard to the correctness of the rulings of the learned Judge below. He held, and we think correctly, that upon its face the contract was one which could have been performed within a year, or

rather that it did not appear that it could not be possibly performed within that time, and that therefore it was not within the fourth section of the Statute of Frauds. This view is in accordance with the great weight of authority, and is supported by the decisions of this Court in the case of *Cole* v. *Singerly*, 60 Md. 354, where it was said that "the statute will not be applied where the contract can, by any possibility, be fulfilled or completed within the space of a year—although the parties may have intended its operation should extend through a much longer period."

It appears that the contract sued on in this case was executed on the fifth of September, 1893, and it will appear from an examination of its provisions that it was made between the plaintiff and defendant, that each of them signed, that they both thereby declared that the defendant had employed the plaintiff *for the term of one year* beginning on the —— day of September, 1893, and ending on the. —— day of September, 1894, to serve as a solicitor of trade, &c.—that the defendant agreed to pay the plaintiff, as salary for said term of one year, the sum of $1,560. It appears from the testimony of the plaintiff that at the time of the execution of this contract it was thought there was nothing which could prevent his going into the service of the defendant at once, except the fact that he could not then tell at what moment of time the person he had been theretofore serving would release him, and that the date which was left blank depended upon that uncertain or contingent event. If he had been released by his former employer on the day of the signing of the contract with the defendant, he would have filled out the blank by writing in the " fifth " of September, and the contract would then have clearly been for a year certain, and not within the statute. In the case of *Cole* v. *Singerly, supra*, it was held that the fourth section of the Statute of Frauds applies only to such contracts as are not to be performed within a year and expressly and specifically so agreed. A contingency is not within the statute, nor any case that depends upon a contingency. Hence this case

is not changed by the fact that after the contract was signed the plaintiff ascertained and so informed the defendant that he could not begin his service until the 11th of September, for, as we have seen, there was nothing to render it impossible for the service to begin the very hour and day the contract was signed, if the plaintiff had been immediately released by his former employers.

But even if we could adopt the view so earnestly presented by defendant's counsel, and hold that the contract is one which is not to be performed within the space of a year, it seems to us that it complies with the statute, for it is in writing and sufficiently sets forth a valid consideration.   Over their signatures the plaintiff and defendant declare that the latter has employed the former for the term of one year at a stipulated salary.   The inference from this language is certain, namely, that both parties agreed to this employment· and the terms thereof, the time it was to continue and the compensation to be paid, and nothing else was necessary to make the contract binding upon both of them.   If the paper had been drawn in a more formal manner, perhaps it would have been set forth in the contract that the plaintiff agreed to render the stipulated service in consideration of the payment of the salary.   But such express statement moving from the plaintiff is not required, for it is sufficient if the consideration may be collected or implied with certainty from the instrument itself.   In the case of *Black* v. *Woodrow*, 39 Md. 215, it is said that "it not infrequently occurs that contracts on their face and by their express terms appear to be obligatory on one party only; but in such cases, if it is manifest that it was the intention of the parties and the consideration upon which one party assumed an express obligation, that there should be a corresponding and correlative obligation on the other party, such corresponding and correlative obligation will be implied."   We entirely agree with the learned Judge below that the written contract before us shows the whole and not only a part of the consideration, and being in other respects valid, there was no error in the

rulings excepted to, all of them having been based upon the ground that the contract in question is void.

*Judgment affirmed.*

(Decided December 5th, 1895.)