GENERAL FEDERAL CONSTRUCTION, INC. *v.*
JAMES A. FEDERLINE, INC.

[No. 30, September Term, 1978.]

*Decided November 8, 1978.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, LEVINE, ELDRIDGE, ORTH and COLE, JJ.

*Alfred L. Scanlan,* with whom were *Shea & Gardner, Joseph C. Zengerle, Harry Tyson Carter* and *Brainard H. Warner, III,* on the brief, for appellant.

*Paul J. Walstad,* with whom were *Lynn B. Larsen* and *Walstad, Wickwire, Peterson, Gavin & Asselin, P.C.,* and *Charles M. Tobin* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

We shall here hold that the "one year clause" of the Maryland Statute of Frauds does not bar collection of damages for breach of an oral contract absent an express and specific provision in that contract that it was not to be performed within one year or a clear demonstration by its terms that it was not or could not be so performed. In the circumstances of this case we find that there was a clear demonstration that the contract could not be performed within one year. Thus, there must be a reversal.

This controversy arises from the construction of the Ambulatory Care Facility of Prince George's General Hospital and Medical Center. Appellant, General Federal Construction, Inc. (General), is a general contractor. Appellee, James A. Federline, Inc. (Federline), submitted a bid to General for a subcontract for the mechanical work on this project. General was awarded the contract for the construction of the facility. It is conceded that Federline's bid for the mechanical work was used by General in submitting its bid and was the low bid received at that time. General ultimately awarded the subcontract to someone other than Federline. Federline sued General alleging a breach of "an

express oral agreement" under which Federline was to do the mechanical portion of the work on the project.

General's defense in the circuit court included a contention that recovery was barred under the terms of the Statute of Frauds (the statute) as in force in Maryland, now Maryland Code (1957, 1978 Repl. Vol.) Art. 39C, § 1 (3), which provides that no action may be brought upon any agreement "not to be performed within the space of one year from the making thereof" unless "the contract or agreement upon which the action is brought, or some memorandum or note of it, is in writing and signed by the party to be charged, or some other person lawfully authorized by him." This same language is found in the fourth section of the English Statute of Frauds, 29 Charles II, ch. 3, which, by reason of the provisions of Maryland Declaration of Rights Art. 5, was in effect in Maryland until its repeal by Chapter 649 of the Acts of 1971, which enacted a new statute. *See* 2 J. Alexander, *British Statutes in Force in Maryland* 509, 534-35 (2d ed., W. Coe, 1912). The trial judge ruled as a matter of law that the statute did not preclude recovery. A judgment in the amount of $82,800 was entered in favor of Federline against General upon a jury's verdict in the Circuit Court for Montgomery County. General appealed to the Court of Special Appeals. We granted the writ of certiorari prior to consideration of the case by that court.

For purposes of this case we need only address the first contention presented by General to us, that the trial judge erred in failing to direct a verdict in its favor on the issue of the Statute of Frauds.

There was testimony adduced on behalf of Federline flatly stating that the work could be performed within one year. Although the contract documents considered by prospective general contractors and subcontractors contain no specific statement of the time to be consumed in the project, there is no question but that it was *estimated* that 600 days would be required for completion. In support of its argument here on the matter of a directed verdict General points to this fact plus certain warranties which the subcontract bid documents required and work as to certain items which those documents

specified should be done subsequent to completion of the project.

Under the contract documents a subcontractor who did the work Federline says it was to do was required in certain instances to guarantee that all material and apparatus used would "be new, of first-class quality . . . ." There were a number of instances in which certain work was specified to be performed upon the completion of the project such as demonstrating "proper operation of the plumbing controls," and seeing that "all construction dirt [was] removed" from roof drains, water closets, urinals and the like. The mechanical contractor was specifically mandated to "provide the necessary skills and labor to assure the proper operation and to provide all required current and preventative maintenance for all equipment and controls provided under [one section of the contract] for a period of one year after substantial completion of the contract." Also, when the condensor water system was placed in operation the subcontractor was obligated to "furnish a complete water treatment service for control of corrosion, carbonate scale and slime or algae" for the period of "one calendar year after Owner's acceptance of installation . . . ." The subcontractor was required to give "[a] one year warranty" as to heat pumps "for furnishing parts and labor for replacing any part of the conditioner[s] which [might become] defective in normal operation, with an additional four year warranty covering replacement of the hermetic compressor at the factory or authorized depot." Certain other heating equipment was to have a one year warranty "for furnishing parts and labor for replacing any part of the control panel which [might become] defective in normal operation from the date of the original installation."

In *Ellicott v. Peterson,* 4 Md. 476, 487-91 (1853), Chief Judge LeGrand carefully reviewed for our predecessors the law relative to the Statute of Frauds and contracts to be performed within one year. Judge McWilliams again examined the law for this Court in *Sun Cab Co. v. Carmody,* 257 Md. 345, 349-51, 263 A. 2d 1 (1970). He found that since the time of *Ellicott* the law has been well established in this

State that where there is a *possibility* that a contract may be performed within a year the remedy for breach of the contract is not barred by the Statute of Frauds, notwithstanding the fact that the parties might have intended that operation should extend through a much longer period. The old Maryland authority, W. Brantly, *Law of Contracts* § 59 at 139 (2d ed. 1922), states, "The statute does not apply if the contract can by any possibility be completed within a year, although the parties may have intended that its operation should extend through a much longer period and in fact it does so extend." (Footnote omitted.)

*Campbell v. Burnett,* 120 Md. 214, 87 A. 894 (1913), is correctly cited in 2 A. Corbin, *Contracts* § 444 at 535 (1950), for the proposition that it makes no difference how long the parties expect the performance to take or how reasonable and accurate those expectations are, if the agreed performance can possibly be completed within a year. The full Corbin statement is:

> "It makes no difference how long the agreed performance may be delayed or over how long a period it may in fact be continued. It makes no difference how long the parties expect performance to take or how reasonable and accurate those expectations are, if the agreed performance can possibly be completed within a year. Facts like these do not bring a contract within this provision of section 4. A provision in the contract fixing a maximum period within which performance is to be completed, even though that period is much in excess of one year, does not make the statute applicable. A building contract is frequently such that it can be fully performed within one year, even though the fixed time limit is in excess of one year. If so, it is not within the one-year clause, however long the parties may expect to take or actually do take." *Id.* at 535-37 (footnotes omitted).

3 S. Williston, *Law of Contracts* § 495 at 575-76 (3d ed. W. Jaeger, 1960), states, "It is well settled that the oral contracts

invalidated by the Statute because not to be performed within a year include those only which cannot be performed within that period."

Some contracts by their terms *can* be performed within one year, hence the statute is not applicable, although the contract might well have continued for a longer period of time. Such a contract was before the Supreme Court in *Warner v. Texas & P. Ry.,* 164 U. S. 418, 17 S. Ct. 147, 41 L. Ed. 495 (1896). Mr. Justice Gray carefully reviewed for the Court cases so holding. The statute was held not applicable to a contract between a railroad company and an individual by which he was to furnish ties and grade ground for a switch at the place where he proposed to erect a sawmill and the railroad company was to put down rails and maintain the switch for the plaintiff's benefit for shipping purposes as long as he needed it. The Court pointed out that the parties might have expected the contract to continue for more than a year, that it might have been improbable that it would not so continue and that it did in fact continue for a much longer time, but since "[t]he complete performance of the contract depend[ed] upon a contingency which might happen within the year, the contract [was] not within the statute of frauds as an 'agreement which is not to be performed within the space of one year from the making thereof.'" 164 U. S. 434-35. For similar holdings by this Court *see, e.g., Home News, Inc. v. Goodman,* 182 Md. 585, 594-95, 35 A. 2d 442 (1944) (Contract of employment for an indefinite period.); *Fitzpatrick v. Michael,* 177 Md. 248, 254, 9 A. 2d 639 (1939) (Contract to make a will.); *Neal v. Parker,* 98 Md. 254, 267, 57 A. 213 (1904) (Contract for the sale of sawed timber with the seller obliged to cut and then saw the timber after which it was to be "stuck up" on the mill yard to be hauled away by the purchaser. Chief Judge McSherry observed for the Court, "There is nothing in the contract set out in the bill to indicate that it was not to be performed and fully completed within a year from its date."); *Lewis v. Tapman,* 90 Md. 294, 302, 45 A. 459 (1900) (Contract to marry within three years from a designated date.); and *Balto. Breweries Co. v. Callahan,* 82 Md. 106, 111-12, 33 A. 460 (1895) (Contract of

employment which on its face could be performed within one year.).

Another type of case was before this Court in *Green v. Pennsylvania Steel Co.,* 75 Md. 109, 23 A. 139 (1891). There it was alleged that the steel company had orally agreed with certain individuals that if they would buy "the steamer known as 'The Olive,' or any other steamer as good in every respect, [it] would execute to them . . . a contract for the term of three years for the exclusive carriage by said steamer of all passengers and freight, except car load lots, between Baltimore and Sparrow's Point . . . ." In that case the contract by its terms was not to be performed within one year and hence the statute was applicable.

The trial judge was perturbed here as to whether he should rule as a matter of law that recovery on the contract in question was or was not precluded by the Statute of Frauds or whether he should let the issue of possibility or impossibility of performance within one year be determined by the jury. He opted for holding as a matter of law that recovery was not barred by the statute. In *Horner v. Frazier,* 65 Md. 1, 4 A. 133 (1886), Judge Irving said for our predecessors:

> "To bring a case within the year clause of the fourth section of the Statute, it must appear that it was expressly and specifically agreed that the contract was not to be performed within a year. This was the construction given to the statute in *Fenton v. Emblers,* 3 Burr. 1278, and that construction has been unqualifiedly adopted in this State. In *Ellicott v. Peterson,* 4 Md. [at] 488, Judge Le Grand says 'the Statute will not apply where the contract can, by any possibility, be fulfilled or completed in the space of a year, although the parties may have intended its operation should extend through a much longer period.' This view was again unequivocally pronounced in *Cole v. Singerly,* 60 Md. [348,] 353 [(1883)]." *Id.* at 12-13.

Again, in *Sun Cab Co.,* 257 Md. at 350, Judge McWilliams referred for the Court to the fact we had "found nothing in th[at] record to indicate that the parties 'expressly and specifically' agreed that their oral contracts were *not* to be performed by Carmody within a year." (Emphasis in the original.) The statute was held not applicable, with the Court's referring to a "most diverting tidbit supporting the possibility of performance within a year" in cross-examination of a witness for Sun Cab in which he conceded that some of the matters there involved could have been closed out within 12 months. *Id.* at 351.

Further insight is provided by A. Hudson, *Building and Engineering Contracts* (7th ed. 1946), a British work, which states:

> "By section 4 of the Statute of Frauds 'no action shall be brought whereby to charge the defendant upon . . . any agreement that is not to be performed within the space of one year from the making thereof . . . without a memorandum in writing . . .'.

> "Where a building contract is not to be performed within a year, it must, therefore, be in writing. The section only applies where performance *must* of necessity extend beyond the space of a year, or where the agreement clearly shows on the face of it that the parties contemplated that performance should so extend: see *Peter v. Compton* (1693), Skin. 353; *Donellan v. Read* (1832), 3 B. & Ad. 899.

> > 'But the statute plainly means an agreement not to be performed within the space of a year, and expressly and specifically so agreed. A contingency is not within it, nor any case that depends upon contingency. It does not extend to cases where the thing only may be performed within the year, and the Act cannot be extended further than the words of it':

> *Per* Denison, J., in *Fenton v. Emblers* (1762), 3 Burr. 1278." *Id.* at 89-90 (emphasis in original).

H. Wood, *Statute of Frauds* § 269 at 463 (1884), states relative to contracts not to be completed within a year, "In order to bring a contract within this clause of the statute it must be one *which from its very terms shows that the parties intended that it was not to be completed within the year,* and therefore part performance within the year will not take the case out of the statute." (Emphasis in original). 2 Corbin, *supra,* § 444 states:

> "In its actual application, however, the courts have been perhaps even less friendly to this provision than to the other provisions of the statute. They have observed the exact words of this provision and have interpreted them literally and very narrowly. The words are 'agreement that is not to be performed.' They are not 'agreement that is not in fact performed' or 'agreement that may not be performed' or 'agreement that is not at all likely to be performed.' To fall within the words of the provision, therefore, the agreement must be one of which it can truly be said at the very moment that it is made, 'This agreement is not to be performed within one year'; in general, the cases indicate that there must not be the slightest possibility that it can be fully performed within one year." *Id.* at 534-35.

C. Browne, *The Statute of Frauds* § 279 at 367 (5th ed. J. Bailey, 1895) comments, "[I]t must affirmatively appear from the contract itself and all the circumstances that enter into the interpretation of it, that it cannot in law be performed within the space of a year from the making."

The provisions in the contract documents relative to such things as cleanup, testing, demonstration, and the like at the completion of the project do not by their terms specify that such work will be done more than a year after the date of the contract. We are likewise of the view that the warranty provision is not sufficient to indicate that the contract is to be *performed* over a period of more than a year. The essence of the situation for the purpose of the statute is that this subcontractor is stating that he will use his best skill and

efforts to perform the job in a workmanlike manner and that as evidence thereof he will go back on the job for a specified period of time to remedy any shortcomings. This is not an indication that the performance of the job for which he is being paid is to take place over a period of more than one year.

It will be noted that by the terms of the contract document the mechanical subcontractor was required "for a period of one year *after* substantial completion of the contract" to provide "all required ... preventative maintenance for all equipment and controls" in the area. (Emphasis added.) This, presumably, means certain positive actions such as oiling certain equipment. It will further be noted that when the condensor water system was placed in operation for the period of "one calendar year *after* Owner's acceptance of installation" this subcontractor was to "furnish a complete water treatment service for control of corrosion, carbonate scale and slime or algae ...." (Emphasis added.) Again, this was a positive action to be taken by the mechanical subcontractor. Given these contract provisions, we conclude that there is a clear demonstration by the terms of the contract that it could not be performed within the period of one year. Hence, the "one year clause" of the Statute of Frauds is applicable and General was entitled to a directed verdict in its favor.

> *Judgment reversed and case remanded to the Circuit Court for Montgomery County for entry of a judgment in favor of appellant against appellee for costs; appellee to pay the costs.*