WILLIAM A. BAUER, ET UX. *v.* RICHARD HAMILL

[No. 145, October Term, 1946.]

554

*Decided May 21, 1947.*

The cause was submitted to MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

Submitted on brief by *Edward J. Ryan* for the appellants.

Submitted on brief by *Morgan C. Harris* for the appellee.

GRASON, J., delivered the opinion of the Court.

On September 20, 1946, the appellants filed in the Circuit Court for Allegany County, in Equity, a bill of complaint against Richard Hamill, committee of the person and estate of Annie Foster, one of the appellees

herein, in which they alleged, among other things, the appointment of Hamill by that court, Committee of the person and estate of Annie C. Foster and his qualification as such; that said Committee advertised for sale, on June 8, 1946, property of his ward, and sold the same to William W. Sluss and wife for the sum of $3,700; thereafter the Committee, by petition, requested that the names of the appellants be substituted as purchasers for said property, in the name and stead of Sluss and wife, and an order was passed by the chancellor authorizing the substitution; that the solicitor for the Committee prepared a deed for said property, conveying the same to the appellants, and forwarded it to the Committee for execution, delivery, and acceptance of the purchase price therefor, and on the same day an order was passed by the chancellor allowing the Committee $370 as a fee for his services; that the Committee delivered the deed, prepared as aforesaid, to William W. Sluss and Nellie Sluss, his wife (appellees), but that the deed was changed without legal authority, so as to convey said property to Sluss and wife; and the deed, as changed, was recorded; that on September 20, 1946, the solicitor for the appellants submitted to the Committee a deed conveying the said property to them, which he duly signed, executed and delivered to the solicitor; that the solicitor received a certified check for the sum of $3,700, the full purchase price, and delivered the same to the Committee; that the Committee asked to read the deed, which he signed, and promised appellant's solicitor to return the same, but that the Committee refused to return the deed to the solicitor, although the check for $3,700 was delivered to the Committee; it is alleged that appellants made full payment for said property to the defendant (the Committee) and are entitled to the return of the deed held by him, and that appellants believe it is the desire of said defendant (Committee), in connivance with others, to force appellants to pay the sum of $6,500 for said property when, under the proceedings of this

case, they are entitled to a deed for said property in accordance with the report of sale and proceedings in said cause.

They pray: (1) That an order be passed commanding the Committee to show cause why an order should not be passed commanding him to surrender and deliver to appellants a deed conveying the property of the said Annie C. Foster to them. And (2) for general relief.

The chancellor, on said bill, passed a *nisi* order. The Committee answered and, among other matters, alleged: That after the sale of the property to Sluss and wife they expended a large sum of money in the improvement of the property sold, and thereafter agreed to sell the property to the appellants for the sum of $6,500; and that appellants made a down payment of $1,000 on the property to Sluss and wife and were given the following receipt:

"July 25, 1946

"Receipt is hereby acknowledged for a check in the amount of One Thousand Dollars ($1000.00) as part payment and intent to buy the property known as the 'Foster property on West Mechanic Street.'

"The remaining balance of Five Thousand Five Hundred Dollars ($5,500.00) to be paid upon delivery of a clear title to above mentioned property thirty days from this date.

"(Signed) William W. Sluss"

That the reason for the substitution of the appellants as purchasers of the property was for the convenience of the parties and at their request, and it was never intended by the Committee or Sluss and wife or the appellants that appellants were to pay the Committee the sum of $3,700 and receive a deed from him as Committee of the person and estate of Annie C. Foster conveying the title to this property to them for the sole consideration to Sluss and wife of the sum of $3,700; that the Committee admits he had a deed pre-

pared for delivery to William W. Sluss and that this deed purported to convey the title to the property to the appellants, but the reason it was delivered to Sluss and wife is because they sold the property to appellants and that this transaction was between those parties, and it was understood that appellants were to pay Sluss and wife the balance owed to them upon the delivery of the deed aforesaid; he admits that the chancellor allowed him a fee of $370 for his services, being commission at the rate of 10 per cent. on the purchase price; that he delivered the aforesaid deed to Sluss and wife, and thereafter solicitor for appellants presented to him a deed, which he had prepared, and requested him to sign the same, stating that the deed he had executed to Sluss and wife was not good or sufficient and that the Committee, believing this statement, executed and presented to the solicitor a deed for the property to the appellants; that he thought this action was a mistake and retrieved the deed from Bauer and wife and placed it in his safe; that the reason he executed a deed for the property to Sluss and wife was that he was informed that the appellants owed them a substantial amount of money on account of the purchase price of this property sold by Sluss and wife to appellants, although this was done after the sale had been ratified to appellants.

On November 8, 1946, Sluss and wife filed a petition in this cause, asking leave of the chancellor to intervene. The petition makes reference to the answer of the Committee and avers that they have "a real interest in this proceeding, in that their rights, duties and obligations with relation to this transaction are involved, and believe that they should be permitted to intervene for the purpose of protecting their own interest."

The petition prays: (1) For the passage of "an order granting leave to your petitioners to intervene in these proceedings, and file an Answer. (2) That

your petitioners may have such other and further relief as the nature of their case may require."

On the same day the chancellor granted leave to Sluss and wife "to intervene in these proceedings, and file an Answer or any other papers, which, in their opinion, are necessary to protect their interest."

On November 9, 1946, Sluss and wife filed a petition' in the cause, in which they alleged: The institution of this case by the appellants and the answer of the Committee to their bill; they admit the matters and things stated in paragraphs one and two of the bill; they admit that Hamill filed a petition "In the matter of the appointment of a committee of the property and person of Annie C. Foster, No. 19,169 Equity," in which he requested the court to substitute as purchasers of the real property sold in that proceeding, the names of the appellants, in lieu of themselves, and the chancellor so ordered on the 6th day of November, 1946; they deny that anything is said in said petition or order with reference to the appellants' paying $3,700 as a full consideration to the Committee for the purchase of the property involved in these proceedings; that the Committee sold the real estate involved in this proceeding to them for the sum of $3,700, and before the sale was ratified they expended a large sum of money in improvement of the property; that before ratification of sale they agreed to sell the property to appellants for the sum of $6,500 and that appellants made a down payment of $1,000 and that William W. Sluss gave them the receipt which is set out in full in the answer of the Committee and need not be repeated here; they allege that the only reason for the substitution of the appellants as purchasers of the property sold by the Committee to them was for convenience of the parties, and it was never intended by the petitioners or the appellants that the appellants were to pay the Committee $3,700 and receive a deed from him to the property for the sole consideration of $3,700; they admit a deed was prepared from the Committee to the

appellants, but that it was understood before the delivery of the same appellants were to pay to petitioners the balance owed on the property upon delivery of the deed; they aver when the deed from the Committee was delivered to them that they made a mistake in asking the court to substitute the appellants as purchasers, and they decided it would be better to have the deed directly from the Committee to themselves and then in turn execute a second deed to the appellants, and that they made the necessary changes in the deed to effect this transfer. They deny that the appellants have made full payment to them for this property; they aver they have spent large sums of money to have the property repaired and improved; that the appellants are in possession of the same and refuse to vacate the property or to pay to them the balance due them under the agreement of purchase; they aver that appellants have delayed and evaded the performance of their agreement to pay the balance due on said property, and that they have been willing to take whatever steps are necessary to give a good and sufficient title to the property to the appellants, upon the payment of the balance due them from the appellants, and that they are able and willing to make a conveyance of a good and unencumbered estate in fee in said premises.

They pray: (1) That the agreement may be specifically enforced, and that the appellants be decreed to pay them the balance of the purchase money agreed to be paid, with all interest accrued thereon, and to accept from your petitioners a conveyance of the aforesaid house and lot, and (2) for general relief.

The appellants demurred to this petition for the following reasons: (1) That the petitioners are not proper parties to the cause. (2) That it does not state such a cause as entitles them to relief. (3) That they have an adequate remedy at law. (4) That the petition, on its face, shows it is a separate suit by petitioners against appellants, seeking specific performance of an agreement, and does not involve the Committee.

The chancellor reserved the demurrer and heard testimony, and at the conclusion thereof filed his decree. It is in part as follows: (1) That the deed from the Committee to Sluss and wife, dated the 9th day of August, 1946, and duly recorded, is declared to be null and void. (2) That the Committee repay to Sluss and wife the amount of the purchase price he received from them. (3) That the Committee shall execute a good and sufficient deed and convey unto appellants, and their heirs, the land and premises in these proceedings mentioned and described as sold by Richard T. Hamill, Committee, etc., to appellants and conveying all the right, title, interest and estate of the said Committee in and to the same. (4) That the amount of $3,700 heretofore offered by the solicitor of appellants to the Committee shall be used by the Committee in payment of the Committee's interest in said property. (5) That at the time of the delivery of the deed from the Committee to appellants the latter shall pay to Sluss and wife the sum of $1,800. (6) That the sum of $1,000 paid by appellants to Sluss and wife as part payment of the land and premises involved in this case shall be retained by Sluss and wife, and (7) that appellants pay unto Sluss and wife an additional sum of $1,800, "which three sums; namely, Thirty-seven Hundred Dollars ($3700.00) paid by William H. Bauer, et ux., to Richard T. Hamill, Committee, etc., and One Thousand Dollars ($1000.00) heretofore paid by William H. Bauer, et ux., to William W. Sluss, et ux., and the additional Eighteen Hundred Dollars ($1800.00) now ordered to be paid by William H. Bauer, et ux., to William W. Sluss, et ux., constitute Sixty-five Hundred Dollars ($6500.00) which is the price agreed to be paid by William H. Bauer, et ux., to William W. Sluss, et ux., for the property involved in these proceedings. * * * That the demurrer of William H. Bauer, et ux., to the right of intervention of William W. Sluss, et ux., be and the same is hereby overruled," and "that Richard T. Ham-

ill, Committee, pay the costs of these proceedings." From this decree the case comes here on appeal.

The appellants, in their brief, present the single question of the right of Sluss and wife to intervene in this case. The proceedings for the sale of the property in the lunacy case were irregular. The Committee should not have involved himself in the sale of this property by Sluss and wife to the appellants. The property he held as Committee was in *custodia legis*. He was the agent of the court, and could take no final action in the matter without the court's approval. Until final ratification, a sale made by the Committee is an executory contract, open to objections. The bid of $3,700 at public sale by Sluss and wife, which was accepted by the Committee, was simply an offer to purchase the property for that sum. Until it was accepted by the court, it was a mere offer which could be rejected for proper cause. The court, in such cases, is always the vendor and the transaction is between the court as vendor and the purchaser, and is never regarded as consummated until it has been ratified by the court. *Miller, Equity Procedure*, Sections 486, 487, 488, 510. The action of the Committee, in permitting Sluss and wife, before final ratification, to enter the premises and make extensive improvements thereto, was improvident. This he should not have done. It is common practice in sales of property under a decree of court to substitute with the consent of the purchaser another person for the party to whom the property has been knocked down at public sale as the highest bidder. It was, therefore, proper to substitute the appellants as the purchasers of the property, in the place and stead of Sluss and wife, and to ratify the sale as made to the substituted purchasers. *Farmers' Bank of Maryland, President, etc., of, v. Clarke,* 28 Md. 145, at page 156. When the sale was ratified to the appellants, as substituted purchasers, the Committee could only convey the property to them, and when he conveyed the property, after the court had ratified the sale to the appellants, to Sluss and wife, that

deed was a nullity. We do not think we should pass the irregularity of the action of the Committee without some comment.

Passing to the point presented by this appeal, namely, did the court err in permitting Sluss and wife to intervene in this proceeding? It is undoubtedly true that a stranger cannot enter a litigation. To intervene, one must have an interest in the property involved in the proceeding, and it must be necessary to the protection of his property before the court will permit him to intervene. Generally it is a matter which lies in the sound discretion of the court, but the court's action can be reviewed. *Miller, Equity Procedure,* sections 77 and 81.

"There may be cases in which an intervener may be entitled as a matter of right to assert in a proceeding in which he has been allowed to intervene claims adverse to those of any or all of the original parties, even though the exercise of the right involves the introduction of additional issues, where that is necessary to protect his interests which will be concluded by the ultimate decision, and where such issues are consistent with and incidental to the objects and purposes of the suit *ibidem,* * * *." *Conroy v. Southern Maryland Agricultural Ass'n,* 165 Md. 494, at page 502, 169 A. 802, at page 805; *Williams, et al., v. Morgan, et al.,* 111 U. S. 684, 4 S. Ct. 638, 28 L. Ed. 559 at page 565.

It is a rule that a person cannot intervene in litigation in which he is not a party, unless he has an interest in the cause, which it is necessary for him to protect. *Martien v. Crystal,* 137 Md. 166, 111 A. 820.

In *Harris v. Hooper,* 50 Md. 537, at page 547, this court quoted Calvert on "Parties to Suits in Equity," as follows:

" 'That while subsequent incumbrancers are not always necessary parties, it is generally proper to make them parties, with a view to a final settlement of the rights of all the parties in interest.' All the authorities concur in support of the principle, that where they

have not been made parties to the suit, they are not bound by the decree. 4 Kent, 186.

"As said by the learned Chancellor in *Haines v. Beach,* 3 John. Ch. 459, 464, 'the necessity of making the subsequent incumbrancers parties, or holding their rights unimpaired, appears to be much stronger, and is indispensable to justice, in cases of decrees for sales, according to our practice; for otherwise the mortgagor would take the surplus money or the cash value of the equity of redemption, and defeat entirely the lien of the subsequent creditor.' "

In *Bily v. Board of Property Assessment, etc.,* 353 Pa. 49, 44 A. 2d 250, at page 251, it is said:

"Indeed a change in the ownership of the property while the proceedings are pending effects an automatic change in the identity of the litigants and, although permission to intervene is ordinarily within the discretion of the court, the right in such cases, in the absence of qualifying circumstances, is such an absolute one that the refusal to recognize it constitutes an abuse of judicial discretion."

In *Stieff v. Bailey,* 4 Boyce, Del, 508, 89 A. 366, it is said:

"To justify the injection in an action at law of a new party by intervention, it must be shown that the new party has a relation to the subject-matter of the action and to the original parties thereto, that of necessity requires the litigation of his rights in conjunction with the litigating of the rights of those originally joined."

In this case, when the property in question was, at public sale, knocked down to Sluss and wife for $3,700.00, they became vested in an inchoate equitable right in the property, subject to be divested upon the refusal of the court to ratify the sale. If the sale to them had been ratified in their names by the court, they would have been the holders of the equitable title in the property, and the legal title would have passed to them when they paid to the Committee the full purchase price and received a deed therefor. Between the date of the

public sale and the ratification of the same by the court, in the names of the substituted purchasers, Sluss and wife sold their interest in the property to the appellants for $6,500. This sale was conditioned upon a good and merchantable title passing to the appellants. It is, therefore, plain that this sale was conditioned upon the ratification of the same by the court, and when it was ratified in the names of the substituted purchasers the condition was fulfilled; and, the appellants were in equity and good conscience required to pay to Sluss and wife the full purchase price of $6,500.

This court, in *Baltimore & Ohio R. Co. v. Trimble*, 51 Md. 99, at page 100, quoted from *Moreton v. Harrison*, 1 Bland 491, at page 499 as follows:

" 'An equitable lien is founded upon the principle, that the legal title has not been parted with or *ought not to be considered as completely vested in the vendee until the whole purchase money has been paid; because it is deemed unjust to consider any one as the absolute legal owner of property which he has purchased, but has not paid for.*

" 'If the formal legal title has been parted with by the vendor before payment, then his having so ceded it, gives him an equitable right to enforce payment here with all the advantages he had as actual holder of the legal title, that is as a mortgagee coming here to foreclose; * * *'."

It is apparent that Sluss and wife had an equitable interest in the property mentioned in the bill of complaint in this case, and it was right and proper to allow them to intervene for the protection of their interest.

The question then arises, could the court specifically enforce the contract between Sluss and wife and the appellants, without interference with the rights as between the appellants and the Committee? If the rights of the Committee, the appellants and Sluss and wife could be disposed of in one equity proceeding it would prevent litigation, and the trend of modern decisions

and rules of court tend to approve the settlement in one proceeding of controversies between several parties, if the same can be accomplished with justice to all parties.

In this case the appellants have offered no testimony tending to show circumstances that would cause the chancellor to withhold his aid in decreeing specific performance. They speak of possible fraud and deception, and yet offer no evidence at all to show that Sluss and wife defrauded them either directly or through collusion with the Committee. To the contrary, the testimony tends to show that the appellants intended to pay the Committee $3,700 and get a deed from him for the property in question. This sum of $3,700, plus the down payment they made to Sluss and wife total $4,700. If this was permitted the appellants would get the property for $4,700 and not $6,500, which they agreed to pay Sluss and wife. They would be getting the property without paying a balance of $1,800, which they clearly owe to Sluss and wife. The evidence shows that when Sluss and wife sold their interest in this property to the appellants it was the intention of the parties that $6,500 was to be paid by the appellants to Sluss and wife, before they were to receive a deed for the property. It is apparent that the appellants were doing their best not to pay $1,800 they owe, and instituted these proceedings to accomplish this end. The contract for the sale of this property from Sluss and wife to the appellants was clear, unambiguous, and certain in all its parts, fair and mutual. See *Smith et al., v. Biddle*, 188 Md. 315, 52 A. 2d 473, and *Moran v. Hammersla*, 188 Md. 378, 52 A. 2d 727. The appellants moved into the property and have possession of the same today. They have paid $1,000 on the purchase price to Sluss and wife and the contract has been partially performed, which would take it out of the Statute of Frauds, if the receipt given by Sluss to the appellants be considered as not complying with the Statute of Frauds. Sluss and wife spent a large sum of money in the improvement of this property before they sold

their interest in the same to the appellants. To allow the appellants to take title to this property without paying Sluss and wife what they owe them on account of the sale of same would be an injustice.

As to Sluss and wife having a remedy at law, the appellants have not attempted to comply with Code (1939), Article 16, section 255.

We think a decree for specific performance is proper in this proceeding, and that the decree of the court correctly disposes of all interests in this property. This is not an interpleader proceeding, as the appellants seem to think it is. The Committee, did not hold $6,500 as a stakeholder. *Miller, Equity Procedure,* section 722.

*Decree affirmed with costs.*