MANGIONE *v.* BRAVERMAN ET AL.

[No. 250, September Term, 1963.]

*Decided April 9, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRES-COTT, HORNEY and SYBERT, JJ.

*John R. Cicero* for the appellant.

*J. Wilmer Cronin,* with whom were *Fenneman, Sachs & Cronin* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

This appeal followed the action of the trial court in sustaining a demurrer to the declaration of the appellant Mangione, seeking to recover the value of his services to the defendants, the appellees here, and monies advanced on their behalf, on the ground that the agreement for the breach of which suit was filed was unenforceable under the Statute of Frauds because (a) an essential part of it was a parol promise of two of the defendants to deed land (on which a building was to be erected) and (b) performance by Mangione would not, in a suit at law, serve to take the contract out of the statute.

The declaration contained three common counts, one for work done and materials provided, a second for money lent, and the third for money paid by the plaintiff for the defendants and a special fourth count in which it is alleged that: the appellant Mangione, a builder, entered into an oral agreement with the appellees, Herman and Alvin Braverman, and the appellees, Peter Mavrelis and Mary, his wife, under which Mangione was to build an apartment house on land in Aberdeen, Maryland, owned by the Mavrelises, with money procured by the Bravermans, who held themselves out as financiers; the land was to be deeded to a Maryland corporation to

be formed, called Fountain Plaza, Inc., and the Mavrelises, the Bravermans and Mangione were each to receive one-third of the capital stock in return for their respective contributions to the joint venture, that is, the land, the financing and the building; in return for the promises of the Mavrelises and the Bravermans and one-third of the stock in the corporation which was to own and operate the apartment project, Mangione agreed "to oversee the planning, building and erection of the apartment house Project on said land and was to arrange for architectural and engineering services, as well as building, and other permits * * *"; for the monies he advanced he was to be repaid by Fountain Plaza, Inc., and, also, was assured reimbursement by the Mavrelises and the Bravermans personally; Mangione paid a lawyer $150.00 to incorporate Fountain Plaza, Inc., and an architect $9,000 to draw plans for the apartment house, with the express knowledge and approval of the Mavrelises and the Bravermans (and the architect drew the plans after frequent consultations with and the ultimate approval of all of the parties) ; Mangione paid for building permits, sewerage and water charges and zoning appeal costs, totaling $624.00, and he paid an engineering firm $563.38 for test borings and plot plans; in addition, his services were worth $7,500; the Mavrelises have not conveyed the land to Fountain Plaza, Inc., and have deeded it to another corporation which they control; the Bravermans have not provided financing; and Mangione has not been repaid the $10,365.84 of his money which he expended for the account of the venture in reliance on the agreement for the joint venture and for repayment or paid anything for his expert services.

The special count of the declaration sought relief on the basis of an express oral contract, a fundamental part of which was a promise to convey real property. Recovery could not be had at law for breach of the contract because of the bar of the Statute of Frauds, the promise to convey not being in writing and the doctrine of part performance being inapplicable in a suit at law. *Stevens v. Bennett,* 234 Md. 348; *Cline v. Fountain Rock Co. Inc.,* 210 Md. 78; *Hamilton v. Thirston,* 93 Md. 213.

Despite this, one who has performed to the extent that he could, under the circumstances, under a contract unenforceable because of the Statute of Frauds, may recover on the

common counts on a quantum meruit basis for the fair value of his services rendered and the recovery of money expended in reliance on the contract, and the contract terms may be shown as evidence that a gift was not intended and as bearing on the value of the services rendered and the money or goods contributed. *Stevens v. Bennett* and *Cline v. Fountain Rock Co., Inc.,* both *supra; Grant v. Curtin,* 199 Md. 363; *Petropoulos v. Lubienski,* 220 Md. 293, 299; *Fairfax Forrest Co. v. Chambers,* 75 Md. 604; *Browne, Statute of Frauds* (5th Ed.), Sec. 118.

That which is sought to be recovered may be sued for in the same declaration on the common counts under an implied contract and on an express contract alleged in a special count, although there can be recovery only on one basis or the other. *Bright v. Ganas,* 171 Md. 493, 497; *Grant v. Curtin* and *Cline v. Fountain Rock Co., Inc.,* both *supra.* See also Md. Rule 340 b 2 (b); *Alexander v. Capital Paint Co.,* 136 Md. 658, 673; *Baker v. Lauterbach,* 68 Md. 64; *Development Co. v. Bearing Co.,* 183 Md. 399, 407; *Hirsch v. Yaker,* 226 Md. 580, 582.

The appellees make the further claim that the fourth section of the Statute of Frauds prevents recovery against them by Mangione for the monies he laid out since they were but guarantors of the debt of another, the corporation known as Fountain Plaza, Inc. It seems clear that if the allegations of the special count were proven the trier of fact properly could find that the main purpose and object of the promises of the appellees to reimburse Mangione for monies he paid out in performing as many of his obligations as the circumstances permitted was not to answer for the debts of another but to subserve their own ends and interests and, therefore, the promise would not be within the statute although in form they appeared to be promises to pay the debts of another. *Small v. Schaefer,* 24 Md. 143, 161; *DeWaters v. Mergler,* 183 Md. 574, 578-579; *Oliver and Burr v. Noel Co.,* 109 Md. 466; *Wilhelm v. Hadley,* 218 Md. 152, 156; *Kerner v. Eastern Hospital,* 214 Md. 375.

The appellees attempted below to raise on demurrer the question of venue in Baltimore City. The Bravermans live in Baltimore County and the Mavrelises live in Harford County; however, the Bravermans regularly do business in Baltimore

City. (Code (1957), Art. 50, Sec. 5, permits suit ex contractu against multiple defendants where one lives or regularly does business.) The question of venue should be raised by preliminary motion, Md. Rule 323 a or by dilatory plea, Md. Rule 341, and not by demurrer. The appellees did not brief or argue the point in this Court and it is without merit.

> *Judgment reversed, with costs, and case remanded for further proceedings.*