558 A.2d 412

Kenneth William SNYDER

v.

Lisa SNYDER.

No. 329 Sept. Term, 1988.

Court of Special Appeals of Maryland.

June 5, 1989.

Stuart N. Braiterman, Towson (Diane G. Goldsmith, Pikesville, on the brief), for appellant.

No Brief or Argument by Appellee's Counsel for appellee.

Argued before BISHOP, KARWACKI and FISCHER, JJ.

FISCHER, Judge.

This is an appeal from a February 5, 1988 order of the Circuit Court for Baltimore County appointing a trustee for the purpose of executing a deed to transfer title in a parcel of real property from appellant, Kenneth William Snyder, to Mr. Snyder and his wife, Lisa Snyder, appellee, as tenants by the entireties. That order also voided a $5,000 promissory note Mr. Snyder executed for the benefit of Mrs. Snyder.

Mrs. Snyder filed suit against appellant claiming breach of an oral contract to transfer the subject parcel valued, as of May, 1984, between $90,000 and $106,000. Specifically, she sought to change the title of the Baltimore County dwelling at 18720 Upper Beckleysville Road from Mr. Snyder's name to both names. Mr. Snyder disputed the existence of the oral contract and argued that, even if the contract existed, the Statute of Frauds, Md. Real Prop.Code Ann. § 5–104 (1988) rendered it unenforceable. The circuit court found that the oral agreement existed and that the Statute of Frauds, Md.Ann.Code art. 39C, § 1 et seq. (1986), did not operate to bar its enforceability.

I.

In November, 1983 appellee and appellant became engaged. After some discussion, they agreed to purchase the home occupied by Mr. Snyder during his previous marriage. Together, the parties secured a mortgage for $57,000 in order to acquire the share of the property owned by Mr. Snyder's first wife. Settlement occurred on May 16, 1984. Mrs. Snyder paid over $2,800 in costs at settlement and half of the mortgage payments from June 1984 to June 1985.

In view of Mrs. Snyder's monetary contribution, Mr. Snyder gave her a promissory note in the amount of $5,000. This note was to ensure Mrs. Snyder's recoupment of her expenditures if they did not marry, and Mr. Snyder failed to assign legal interest in the property to her or if he died before their marriage.

Both the deed and deed of trust were titled in Mr. Snyder's name alone. By doing so, the parties hoped to escape transfer taxes, which would accrue if the property were in both names prior to marriage. A handwritten mortgage application shows that the parties contemplated titling the property in both names as tenants in common. A subsequent and superseding typed application indicates a desire to title the property only in Mr. Snyder's name.

The parties married in September, 1984. Thereafter, however, Mr. Snyder refused to retitle the property in both names despite his premarital oral agreement to do so. They separated in June, 1985, and, on October 28, 1985, Mrs. Snyder filed suit in circuit court to enforce the oral agreement. To avoid the Statute of Frauds Mrs. Snyder advanced four theories: (1) the agreement could be completed within one year, (2) sufficient memoranda existed, (3) there was part performance, and (4) Mr. Snyder was estopped from asserting the Statute of Frauds as a defense.

The trial court found that an oral agreement existed and held that the agreement was outside the Statute of Frauds because performance was possible within one year. The court also ruled that even if the statute were applicable, it was satisfied by certain written memoranda. The trial judge did not reach Mrs. Snyder's remaining contentions.

## II.

■ The first question before us is whether the judge correctly concluded that the agreement was outside the statute. The court below relied exclusively on *Griffith v. One Investment Plaza*, 62 Md.App. 1, 488 A.2d 182 (1985). There, a real estate broker sued for commissions owed

under an oral employment agreement. At issue was Md. Ann.Code art. 39C, § 1 which provides:

No action may be brought:

. . . . .

(3) Upon any agreement that is not to be performed within the space of one year from the making thereof: Unless the contract or agreement upon which the action is brought, or some memorandum or note of it, is in writing and signed by the party to be charged, or some other person lawfully authorized by him.

We concluded in *Griffith* that, because the employment agreement could conceivably be performed within one year, it was not governed by § 1 of the Statute of Frauds. The alleged agreement in the present case is likewise outside the scope of § 1 because performance was capable within one year.

This, however, is not the end of our inquiry because the contract at issue here was for the transfer of real property. Consequently, we must examine § 5–104 of the Real Property Article, which provides:

No action may be brought on any contract for the sale or disposition of ... any interest in or concerning land unless the contract on which the action is brought, or some memorandum or note of it, is in writing and signed by the party to be charged or some other person lawfully authorized by him.

It is clear that Section 5–104 governs the contract between Mr. and Mrs. Snyder, and, therefore, the judge below incorrectly ruled that it was outside the Statute of Frauds.

### III.

■ We next turn to the circuit court's alternative conclusion that sufficient memoranda existed to satisfy the statute. The Court of Appeals, in *Sinclair v. Weber*, 204 Md. 324, 332, 104 A.2d 561 (1954) set forth the general rule for determining when a writing is sufficient:

[A] memorandum, in order to make enforceable a contract within the Statute of Frauds, may be any document or writing, formal or informal, signed by the party to be charged or by his agent actually or apparently authorized thereunto, which states with reasonable certainty ... (3) the terms and conditions of all the promises constituting the contract and by whom and to whom the promises are made.

Initially, the circuit court relied upon the handwritten loan application wherein the parties contemplated titling the property as co-tenants. It, however, was supplanted by a subsequent typed application indicating their intent to title the property in Mr. Snyder's name alone. Reading the two applications together, as we must, we conclude that they do not state with reasonable certainty "the terms and conditions of the promises constituting the contract." *Id.* The mortgage applications, therefore, do not constitute sufficient memoranda.

The circuit court also relied upon the promissory note executed by the parties which stated:

In view of value received, this note for $5,000.00 is instituted. In the event of my [appellant's] death, the face amount is to be paid from my estate as soon as legally possible.

In view of an intended marriage between Kenneth William Snyder and Lisa Anne Naylor, this note is null and void upon marriage and the assigning of legal interest in real property known as 18720 Upper Beckleysville Road, Hampstead, Maryland 21074 to Lisa Anne Naylor.

If for any reason the intended marriage is not consummated this note is payable upon demand.

Mr. Snyder signed and dated this note on May 16, 1984. It does not indicate what interest in the subject property Mrs. Snyder was to receive. Although the note refers to a possible event that is evidence of the contract, it does not state with reasonable certainty the terms of the contract. Accordingly, we believe that the trial court erred in holding

there were memoranda sufficient to satisfy the Statute of Frauds.

## IV.

Having concluded that the agreement sought to be enforced was within the Statute of Frauds and that the writing requirement was not satisfied, we must next consider whether, as Mrs. Snyder contends, there was sufficient part performance to remove the bar of the statute. "The law is clear and well established that 'part performance' is an equitable doctrine available only where the principal relief sought is specific performance of the oral agreement. It has no application in an action at law for money damages." *Winternitz v. Summit Hills,* 73 Md.App. 16, 23, 532 A.2d 1089 (1987), *cert. denied,* 312 Md. 127, 538 A.2d 778 (1988) (part performance inapplicable in action at law by tenant against landlord for breach of an oral lease agreement and breach of an oral assignment agreement). *See also Mangione v. Braverman,* 234 Md. 357, 360, 199 A.2d 225 (1964) (action at law to recover for breach of an oral agreement to convey realty); *Kline v. Lightman,* 243 Md. 460, 472, 221 A.2d 675 (1966) (action at law to recover on an oral contract of guaranty).

Part payment in conjunction with possession, and especially in conjunction with possession and substantial improvements, constitutes part performance, which, despite the Statute of Frauds, renders enforceable an oral agreement to sell land. *Bauer v. Hamill,* 188 Md. 553, 566, 53 A.2d 399 (1947); *Serio v. Von Nordeck,* 189 Md. 388, 391–92, 56 A.2d 41 (1947) (oral agreement to convey realty held to be specifically enforceable since buyer made part payment, took possession, and made extensive repairs to the house); *Soehnlein v. Pumphrey,* 183 Md. 334, 336, 37 A.2d 843 (1944) (successful suit, by buyer, for specific performance of oral agreement to convey realty where buyer made part payment, took possession, undertook to paint, excavate, weatherstrip, and screen the house, to erect a garage and chicken coops, to construct a driveway and to plant

shrubs and trees); *Allers v. Klein,* 161 Md. 194, 203, 155 A. 420 (1931) (oral modification of written agreement for sale of realty held to be enforceable since buyers, plaintiffs, made part payment and took possession); *Gorsuch v. Kollock,* 139 Md. 462, 467, 470, 115 A. 779 (1921) (suit by buyer for specific performance of oral agreement to convey realty where buyer made full payment, took possession, and constructed both a concrete plant and an equipment shed).

In *Bauer v. Hamill, supra,* for example, Hamill, a committee for an incompetent, sold real estate by public auction to the Slusses for $3,700. Before ratification of the sale, the Slusses agreed, in writing, to sell to Bauer their inchoate equitable interest in the property for $6,500. The Bauers paid $1,000 as down payment. At the Slusses' request, Hamill entered the Bauers' names on the deed as substitute purchasers of the property. The Bauers paid Hamill $3,700. The court then ratified the sale to the Bauers. In addition to paying the Slusses $1,000, the Bauers took possession and refused to vacate. They then brought an action to force Hamill to deliver a deed conveying the property to themselves. In short, the Bauers sought to avoid their agreement with the Slusses and pay $3,700 directly to Hamill, rather than $5,500 to the Slusses.

The Court of Appeals held that, even if the writings were insufficient to satisfy the Statute of Frauds, the Bauers' payment of $1,000 to the Slusses and assumption of possession constituted part performance sufficient to render specifically enforceable the oral agreement. *Bauer,* 188 Md. at 566–67, 53 A.2d 399.

In *Boehm v. Boehm,* 182 Md. 254, 34 A.2d 447 (1943), William Boehm, Jr., and Josephine Boehm, husband and wife, orally agreed to sell to the husband's parents, William Boehm, Sr., and Agnes Boehm, their one half interest in a farm. The parents owned the other one-half interest. Three years prior to the agreement, they all lived on the farm. The parents paid the full purchase price and eventually made improvements to the property. William Boehm, Jr. and his wife refused to convey; the parents sued to

enforce the agreement. The Court of Appeals held that the Statute of Frauds barred specific enforcement of the oral agreement because neither plaintiffs' possession nor their improvements were unequivocally referable to the agreement. The parents were living on the farm prior to the agreement; therefore, their possession could not be unequivocally referable to the agreement. *See Boehm*, 182 Md. at 264–65, 34 A.2d 447. The Court of Appeals, however, granted the plaintiffs compensation for the purchase price since the defendants acted fraudulently in inducing the plaintiffs to rely on the agreement.

Accordingly, in order to constitute part performance sufficient to avoid the Statute of Frauds, the part payment, possession and improvements must be unequivocally referable to the alleged agreement. *Campbell v. Welsh*, 54 Md.App. 614, 621–22, 460 A.2d 76, *cert. denied*, 297 Md. 108 (1983). In *Unitas v. Temple*, 314 Md. 689, 708, 552 A.2d 1285 (1989), the Court of Appeals quoting J. Pomeroy, *Specific Performance of Contracts* § 107 (3d ed. 1926) defined the applicable standard as, "[T]he acts of part performance must be such as show that some contract exists between the parties; that they were done in pursuance thereof, and that it is not inconsistent with the one alleged in the pleading." In the present case, Mrs. Snyder's taking of possession, improvements, payment of $2,800 toward settlement costs and her assumption of a $57,000 mortgage obligation are alleged to constitute part performance. Upon remand, the trial court should make a determination as to whether the acts of part performance were sufficient to remove the bar of the statute.

## V.

Appellee also contended below that, notwithstanding the Statute of Frauds, her agreement with appellant is enforceable, under the doctrine of promissory estoppel. The Court of Appeals recognized the use of promissory estoppel as a consideration substitute by relying on § 90 of the Restatement of Contracts (1932), which provides:

A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

*See Md. National Bank v. United Jewish Appeal,* 286 Md. 274, 281, 407 A.2d 1130 (1979).

Promissory estoppel has also been used in some circumstances as a means of avoiding the Statute of Frauds. Section 139 of the Second Restatement of Contracts provides:

Enforcement by Virtue of Action in Reliance

(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce the action or forbearance is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise. The remedy granted for breach is to be limited as justice requires.

(2) In determining whether injustice can be avoided only by enforcement of the promise, the following circumstances are significant:

(a) the availability and adequacy of other remedies, particularly cancellation and restitution;

(b) the definite and substantial character of the action or forbearance in relation to the remedy sought;

(c) the extent to which the action or forbearance corroborates evidence of the making and terms of the promise, or the making and terms are otherwise established by clear and convincing evidence;

(d) the reasonableness of the action or forbearance;

(e) the extent to which the action or forebearance was foreseeable by the promisor.

In the present case, Mrs. Snyder undertook the mortgage obligation in reliance upon Mr. Snyder's promise. This action certainly was not only foreseeable but was also subscribed to by Mr. Snyder in his own right as a co-obligor.

Certainly restitution of the monies paid in reliance on the promise to convey is possible. Cancellation and restitution under the mortgage obligation may, however, prove untenable. This is so because release of appellee's mortgage obligation is beyond the control of the parties. Restoration of the pre-existing situation appears, therefore, unlikely.

One of the most significant factors in determining whether justice demands enforcement of the promise is whether the promisor acted unconscionably (e.g., acted fraudulently). 3 S. Williston, *A Treatise on the Law of Contracts* § 533A (3d ed. 1960); *Swerdloff v. Mobil Oil Corp.,* 74 A.D.2d 258, 427 N.Y.S.2d 266, 269 (1980); *Chromalloy Am. Corp. v. Universal Housing Systems,* 495 F.Supp. 544, 551 (S.D.N.Y.1980); *Philo Smith & Co., Inc. v. USLIFE Corp.,* 554 F.2d 34, 36 (2d Cir.1977). "It has long been recognized that '[a] promissory representation made with an existing intention not to perform is actionable for fraud,' *i.e.,* that such a representation is regarded as one of present fact rather than of future possibility." *Bocchini v. Gorn Management Co.,* 69 Md.App. 1, 19, 515 A.2d 1179 (1986). *See also Sims v. Ryland Group, Inc.,* 37 Md.App. 470, 472, 378 A.2d 1 (1977).

Promissory estoppel may be invoked in those cases where a person is induced to act by a promise which, at the time the promise is made, the promisor has no intention of ever fulfilling. At trial appellee testified as follows:

Q. You indicated, Mr. Snyder, that you never intended to transfer any of your interest, "any of my equity," you said to Lisa Snyder. Is that correct?

A. Yes sir.

. . . . .

Q. Well, I believe you stated you felt your equity in the property was $50,000.00. Is that correct?

A. Yes, Sir.

Q. And you testified that you never had any intent to transfer "my equity to Lisa?"

A. Yes, Sir.

Thus, Mr. Snyder may have acted fraudulently when he promised to transfer a one-half interest in the real estate, never intending to do so. Since Mrs. Snyder reasonably and foreseeably relied upon the misrepresentation to her detriment, the interests of justice may require enforcement of that promise.

■ In order to prevail with respect to promissory estoppel, evidence must be offered to show that: the promise was fraudulently made, appellant anticipated that appellee would rely on the oral promise, the reliance was reasonable, appellee engaged in acts unequivocally referable to the oral promise, and appellee suffered substantial injury as a result of her reliance. *Philo Smith & Co, Inc. v. USLIFE Corp.*, 420 F.Supp. 1266, 1271–1272 (S.D.N.Y.1976), *aff'd*, 554 F.2d 34 (2d Cir.1977); *Buckley v. Shaw*, 289 N.Y. 133, 139, 44 N.E.2d 398, 401 (1942); *Chromalloy Am. Corp*, 495 F.Supp. at 551.

The circuit court did not initially consider the promissory estoppel issue because it found that the Statute of Frauds did not apply for other reasons. The trial court should now fully consider whether promissory estoppel applies.

## VI.

In addition, as *Boehm, supra,* indicates a court of equity is not without authority to award compensation to Mrs. Snyder for the various damages she suffered. Those damages may include: the value of the improvements made, the monies expended by way of mortgage payments and settlement costs, and the impediment she occasioned by her assuming the $57,000 mortgage obligation.

Although not specifically pled, the Court of Appeals in *Boehm, supra,* affirmed an award of damages stating:

While the bill does not pray for a decree for compensation to the extent of the purchase money paid and a lien on the land therefor, it does contain the prayer for general relief, and as stated by this court in *Hill v. Pinder*, 150 Md. 397, at page 414, 133 A. 134, at page 140,

"Under the prayer for general relief the court is not confined to what may be specially asked, but may adapt the relief to the nature of the case as stated in the bill; and, if the specific relief prayed for cannot be granted, the plaintiff may be given any relief which is consistent with, and warranted by, the allegations of the bill."
*See Boehm,* 182 Md. at 268, 34 A.2d 447. *See also, Boucher v. Shomber,* 65 Md.App. 470, 478, 501 A.2d 97 (1985).

If, upon remand, the trial court should deem it appropriate, it is apparent that the allegations of the bill are sufficient to justify an award of damages pursuant to *Boehm.*

## VII.

The final issue is whether the trial court abused its discretion in permitting Joseph Stricker to testify as to the existence of the oral agreement. Appellant claims that appellee willfully failed to answer Interrogatory No. 15 (filed December 12, 1985 more than a year in advance of trial) until two weeks before trial and that he was denied a meaningful opportunity to depose Stricker. The trial court found no prejudice to appellant and permitted Stricker to testify.

Appellant argues that *Klein v. Weiss,* 284 Md. 36, 56, 395 A.2d 126 (1978) requires exclusion of Stricker's testimony. As stated, the trial court permitted Stricker to testify since it perceived no prejudice to appellant. Absent prejudice, the testimony is admissible. *See Klein,* at 56, 395 A.2d 126; *Hadid v. Alexander,* 55 Md.App. 344, 351, 462 A.2d 1216 (1983).

Appellant had two weeks prior to trial to investigate the knowledge Stricker possessed. Appellant's attorney informed the trial court that the only attempt to contact Stricker was one phone message left with one of Stricker's employees. Although the trial court did not expound upon why it determined appellant was not prejudiced, appellant's limited attempts to contact Stricker provided ample reason.

"A trial judge is vested with a large measure of discretion in applying sanctions for failure to adhere to the discovery rules." *Starfish Condominium Assoc. v. Yorkridge Service Corp.*, 295 Md. 693, 712, 458 A.2d 805 (1983). The trial court permissibly exercised its discretion, and its allowance of Stricker's testimony does not constitute error.

## VIII.

In summary, we conclude that Mrs. Snyder cannot prevail on the grounds relied upon by the trial court. We remand pursuant to Md. Rule 8–604(d) so that the circuit court can fully consider the issues relating to part performance, promissory estoppel, and, if appropriate, the award of damages to appellee.

JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

APPELLEE TO PAY COSTS.