**SUBURBAN HOSPITAL, INC., Plaintiff,**

v.

**Christopher SAMPSON and Mary Sampson and Alta Health Strategies, Inc., Defendants.**

**Civ. No. S 92–2797.**

United States District Court,
D. Maryland.

Nov. 23, 1992.

Nomi Irene Lowy and Godard, West & Adelman P.C., Rockville, Md., for plaintiff.

John J. Kuchno and Piper & Marbury, Baltimore, Md., for defendant ALTA Health Strategies, Inc.

Christopher and Mary Sampson, pro se.

## MEMORANDUM OPINION

SMALKIN, District Judge:

This is a case removed by one of the defendants, ALTA Health Strategies, Inc., ("ALTA"), an ERISA plan administrator, from the District Court of Maryland for Montgomery County, Maryland. It was commenced by a complaint filed in that court, alleging, in pertinent part:

Plaintiff provided hospital care and services to Christopher Sampson from 9/14/91 to 9/22/91 in the amount of $5,459.46. At the time Christopher Sampson was admitted to the hospital, Plaintiff contacted Defendant, Alta Health Strategies, to verify insurance benefits. Defendant, Alta Health Strategies verified that Christopher Sampson was covered by insurance for the treatment required and Plaintiff relied on the insurance company's representations in treating Christopher Sampson. Despite the fact that benefits were verified, Defendant Alta Health Strategies has ultimately denied coverage. Despite demand for payment from the defendants, said amount has not been paid and remains due and owing.

ALTA removed the case in a notice of removal predicating federal jurisdiction on the concurrent jurisdiction provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (West 1985 & Supp.1992). Plaintiff seeks remand of this case by motion, which defendant ALTA opposes.

Plaintiff argues that the promissory estoppel claim it pled against ALTA is not pre-empted under ERISA and is not within the original jurisdiction of this Court. Defendant ALTA argues that plaintiff has set forth a claim for relief *ex contractu* that is pre-empted by ERISA, 29 U.S.C. § 1144(a), as explicated in footnote 1 in *Baker Hosp. v. Aetna Life Ins. & Casualty Co.*, 944 F.2d 900 (4th Cir.1991) (table), whether plaintiff's claim be characterized as one for breach of contract or promissory estoppel. The remand motion has been fully briefed, and no oral argument is needed. Local Rule 105.6 (D.Md.).

Although *Baker* no doubt emanated from the Fourth Circuit, it did so in unpublished form. Thus, its citation as precedent in this Court is discouraged under Internal Operating Procedure 36.5, United States Court of Appeals for the Fourth Circuit. Be that as it may, it is true that, in footnote 1 in *Baker*, the Fourth Circuit held that the promissory estoppel and breach of contract claims asserted in that case were pre-empted by ERISA. There are, however, distinctions between *Baker* and this case.

Under the facts in *Baker*, whether the plaintiff hospital's recovery arose under a theory of breach of contract or promissory estoppel, the plaintiff's claim, if granted, would have had the effect of modifying a

plan's terms on limitation of benefits or days of compensable treatment, by oral representations.[1] The other distinction between this case and *Baker* is that the plaintiff in this case claims only to have attempted to assert a promissory estoppel claim, rather than any claim arising from an express contract, but that distinction appears not to be important, also for reasons to be discussed *post.*

Plaintiff claims that the case of *Hospice of Metro Denver Inc. v. Group Health Ins. of Oklahoma, Inc.,* 944 F.2d 752 (10th Cir. 1991), in which the Tenth Circuit refused to exercise ERISA jurisdiction over a removed promissory estoppel claim, is sounder authority than *Baker* and more directly on point. Thus is issue joined.

The Court will assume that plaintiff attempted to plead the elements of promissory estoppel, as recognized in Maryland case law, in its state-court complaint. A potential problem for plaintiff here is that Maryland does not recognize an independent cause of action labelled "promissory estoppel." Rather, Maryland recognizes that promissory estoppel may serve as a substitute for consideration in enforcing a promise that the law would not otherwise enforce, thus making a one-sided promise into an enforceable contract by dint of the necessary reliance having been placed on it by the promisee. *See Maryland Nat'l Bank v. United Jewish Appeal Fed'n of Greater Washington, Inc.,* 286 Md. 274, 281, 407 A.2d 1130, 1134 (1979); *Snyder v. Snyder,* 79 Md.App. 448, 457, 558 A.2d 412, 417 *cert. denied* 317 Md. 511, 564 A.2d 1182 (1989). Thus, given that Maryland still adheres to the fundamental distinction between actions *ex contractu* and actions *ex delicto, see Heckrotte v. Riddle,* 224 Md. 591, 168 A.2d 879 (1961), the nature of a lawsuit in which promissory estoppel is invoked remains that of an action to enforce a contract.

That having been said, the next question is whether, under *Pizlo,* there is ERISA jurisdiction over a state-law claim by a health care provider against a plan, invoking promissory estoppel as a consideration substitute. The answer is *no.* In *Pizlo,* the court noted that only those claims that could give rise to conflicting employer obligations or to variable standards of recovery, or that would determine whether any benefits are paid and directly affect the administration of the plan, are preempted by ERISA. 884 F.2d at 120.[2] It is true that, as in the case relied upon in *Pizlo, supra, viz., Holland v. Burlington Indus., Inc.,* 772 F.2d 1140 (4th Cir.1985) *affirmed sub nom. Brooks v. Burlington Industries, Inc.,* 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 559 *cert. denied sub nom. Slack v. Burlington Industries, Inc.,* 477 U.S. 903, 106 S.Ct. 3271, 91 L.Ed.2d 562 (1986), claims invoking promissory estoppel may often be pre-empted by ERISA, if their effect would be as described above. For example, where a plan beneficiary seeks to invoke promissory estoppel to, in effect, change the terms of a written plan, pre-emption is entirely in order. Yet, even in actions between beneficiaries and plan administrators and employers, promissory estoppel claims have been held not to be pre-empted where the claim would not involve the "potential for chaotic and conflicting interpretations of the plan's terms...." *Vogel v. Indep. Fed. Sav. Bank,* 728 F.Supp. 1210, 1231–32 (D.Md. 1990).

In this case, the terms of the plan are entirely immaterial to the plaintiff's claim. It does not matter what the plan provided in the way of coverage for the patient. The only relevant questions, whether of fact or law, are whether the defendant ALTA made a promise that the law will enforce under Maryland's law of contract,

---

**1.** In the footnote, the *Baker* court cited to the discussion of pre-emption in *Pizlo v. Bethlehem Steel Corp.,* 884 F.2d 116, 120 (4th Cir.1989), which will be discussed *post.*

**2.** Of course, the questions of whether the state-law claim is pre-empted by ERISA and whether it relates sufficiently to a benefit plan to warrant removal are functionally equivalent at this stage, and non-pre-empted claims are to be remanded. *See Pizlo,* 884 F.2d at 121.

embracing Maryland's view of promissory estoppel as a consideration substitute.[3]

It does not matter to resolution of the issues posed by this lawsuit whether the underlying promise related to an ERISA plan or to a promise to whitewash a fence. The only questions the court will pass upon on the merits relate to whether the defendant made a promise that will be enforced, and there simply is no interpretive question relating to an ERISA plan that pre-empts the claim or brings it within the subject matter jurisdiction of this Court. This is a result consistent with that reached by the Tenth Circuit in *Hospice of Metro Denver, supra,* and it is only arguably inconsistent with the unpublished Fourth Circuit case that addressed the issue, in a footnote, in the context of different facts. Besides, it makes common sense, and the Fourth Circuit should certainly therefore agree with the holding in *Hospice of Metro Denver* if the question were squarely presented to it and addressed in a published opinion.

For the reasons stated, then, an order will be entered separately, *granting* plaintiff's motion to remand and remanding this case to the District Court for Montgomery County, Maryland. Because the issues were both close and reasonably debatable, the Court, in the exercise of its discretion under 28 U.S.C. § 1447(c), has determined that each party should bear his, her, or its own costs, fees, and expenses on remand.

Under the circumstances, the motion for leave to file a third-party complaint will not be ruled upon by this Court, but should await ruling by the state court on remand.

---

**3.** The Court is not holding that the plaintiff has properly alleged all the elements of promissory estoppel, but leaves that determination to the state courts on remand. The Court simply notes that the requirement in *Snyder, supra,* that the plaintiff prove fraud, 79 Md.App. at 459, 558 A.2d at 418, does not appear to derive from any reported Maryland case, but appears, rather, inconsistent with the lead case from the Court of Appeals of Maryland on promissory estoppel, *viz., Maryland Nat'l Bank v. United Jewish Appeal, supra,* which appears not to have involved fraud at all.